**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JULIA JOHNSON, INDIVIDUALLY and | : | CIVIL ACTION |
| ADMINISTRATRIX FOR THE ESTATE | : | |
| OF NATIRAH JOHNSON, A MINOR | : | |
| and | : | |
| DAVION JOHNSON, A MINOR BY | : | |
| JULIA JOHNSON, GUARDIAN | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 08-2652 |
| | : | |
| DARNELL ROCKE | : | |
| and | : | |
| H.I.P HOT IN PLACE PAVING, LLC | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                **AUGUST 4, 2008**

This is an action for wrongful death, negligence, and related claims involving the death of the Plaintiff minor, Natirah Johnson.  Presently before this Court is Plaintiffs' Motion to Remand this matter back to state court.  For the reasons stated below, this Motion is granted.

**I.     BACKGROUND**

Plaintiffs initiated this action by Writ of Summons on December 27, 2007, in the Court of Common Pleas of Philadelphia County (December Term 2007, No. 004145).  This lawsuit arises from a motor vehicle accident that occurred on September 10, 2006, in Philadelphia, Pennsylvania.  On this date, two and one-half year old Natirah Johnson was struck and killed by a truck driven by Defendant, Darnell Rocke ("Rocke"), and owned by Defendant, Hot in Place Paving ("H.I.P.").

Defendants filed a Notice of Removal in this Court on June 6, 2008, pursuant to 28 U.S.C. § 1441(b).[1]  Defendants asserted that there is a complete diversity of citizenship between the parties, and that this matter is properly removable to federal court.[2]  The Summons listed Rocke's address as 210 Fairwood, Ave., Apt. 64, Clearwater, FL 33759, and H.I.P's address as 1602 10th Street South, Safety Harbor, FL 34695.  Plaintiffs filed a Motion to Remand the matter back to the Court of Common Pleas of Philadelphia County on July 7, 2008.  Plaintiffs maintain that subsequent to the filing of the Summons and upon further investigation, it was discovered that Rocke was not domiciled in Florida and, in fact, resides in Philadelphia, thereby destroying complete diversity of citizenship between the parties.

## II.    STANDARD OF REVIEW

It is well settled that a case falls within the federal court's original diversity jurisdiction only if diversity is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same state.  <u>Wisconsin Depart. of Corrs. v. Schacht</u>, 524 U.S. 381, 388 (1998).

The Third Circuit has indicated that the removal statutes "are to be strictly construed

---

[1]28 U.S.C. § 1441(b) states:

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

[2]28 U.S.C. § 1332(a) provides in relevant part:
"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–

(1) citizens of different States. . ."

against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990); Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987); see also Pennsylvania Employees Benefit Trust Fund v. Eli Lilly & Co., Inc., No. 07-2057, 2007 WL 2916195, at *2 (E.D. Pa. Oct. 5, 2007).  Furthermore, the party asserting jurisdiction bears the burden of proving the facts necessary to show that jurisdiction exists.  Styron v. State Farm Mut. Ins. Co., 644 F. Supp. 713, 714 (E.D. Pa. 1986); see also Denisewicz v. True Farm Foundations Corp., No. 88-9815, 1989 WL 52477, at *3 (E.D. Pa. May 16, 1989).

## III.   DISCUSSION

### A. Timeliness of Motion

Defendants assert that Plaintiffs' Motion to Remand is deficient for several reasons. First, Defendants argue that Plaintiffs waived their remand claim by failing to file within thirty days after the Notice of Removal.  Pursuant to 28 U.S.C. § 1447(c), a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  Defendants state that the Notice of Removal was filed on June 6, 2008, but that Plaintiffs did not file the Motion to Remand until July 7, 2008, thirty-one days after the Notice was filed.

Defendants' claim, however, is without merit.  Thirty (30) days after the Notice of Removal date of June 6, 2008 would end on July 6, 2008, a Sunday.  Federal Rule of Civil Procedure 6(a)(3) provides for the circumstance where a filing date deadline for motion papers falls on a weekend.  This rule provides:

"**Last Day**.  Include the last day of the period unless it is a

3

> Saturday, Sunday, legal holiday, or- if the act to be done is filing a paper in court- a day on which weather or other conditions make the clerk's office inaccessible.  When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible."

Fed. R. Civ. P. 6(a)(3).

In this case, the thirtieth day of the filing period fell on a Sunday.  According to the Federal Rules, Plaintiffs' deadline to file the Motion for Remand would then be extended to the next day, Monday, July 7, 2008.  As this was the date that Plaintiffs filed the Motion, they were clearly within the allowable time period.

### B. Acquiescence to Jurisdiction

Defendants next maintain that the Plaintiffs' actions in this matter "effectively operate as an acquiescence to the jurisdiction of this Court." (Defs.' Resp. to Mot. for Remand at 5.)  In support of their position, Defendants cite an old District of New York case for the proposition that Plaintiffs accepted federal jurisdiction by their affirmative actions and, therefore, cannot subsequently complain of removal.  See Chevrier v. Metro. Opera Ass'n, 113 F. Supp. 109 (D.C.N.Y. 1953).  Specifically, Defendants argue that after Plaintiffs' filed the Motion for Removal, they did not file a Motion to Remand, but instead certified that the matter exceeded the sum of $150,000, ensuring that it was on the proper case track.  Defendants argue that this action demonstrates Plaintiffs' "acquiescence" to this Court's jurisdiction.  (Defs.' Resp. to Mot. for Remand, Ex. C.)

We disagree.  Plaintiffs' mere act of certifying that the value of the case exceeds $150,000 is not enough to support a finding that they "acquiesced" to federal court jurisdiction,

and Defendants have offered no case law to support such a position.  In the <u>Chevrier</u> case cited

by the Defendants, the Plaintiffs engaged in affirmative acts that far outweighed any actions of

the Plaintiffs here.  In that case, Plaintiffs requested notice of Defendant's appearance, served a

notice of motion to substitute written interrogatories for a proposed oral examination of

Plaintiffs, stipulated for adjournment of a return date of motion and examination of pending

decision, and appeared at an argument for another motion.  Plaintiffs engaged in all of these

actions before filing a Motion to Remand and without questioning the court's jurisdiction.  <u>Id</u>. at

110.  Plaintiffs, in this case, simply certified that the value of the action exceeded $150,000.  This

action alone is not enough to find that the Plaintiffs "acquiesced" to the jurisdiction of this

Court.[3]

### C.  Domicile State

Lastly, Defendants argue that Rocke was domiciled in the state of Florida at the time this

action was commenced, and therefore, the parties were diverse at the time of filing.  "Mere"

residence in a state is not enough for the purposes of diversity, <u>Sun Printing & Pub., Ass'n. v.

Edwards</u>, 194 U.S. 377 (1904); <u>Krasnov v. Dinan</u>, 456 F.2d 1298 (3d Cir. 1972).  It is the

concept of "domicile" that is controlling.  <u>Reynolds v. Adden</u>, 136 U.S. 348 (1890).  A person's

domicile is that place where he has his true, fixed and permanent home and establishment, and to

_____

[3]Defendants also infer in their response that Plaintiffs themselves acknowledged that Rocke's residence was in Florida since they listed his address as a Florida one in their Writ of Summons filed in the Philadelphia Court of Common Pleas.  Plaintiffs counter that they only listed a Florida address for Rocke in the Summons because that was the address written in the Philadelphia police report of the accident.  The record before us, however, reflects that Plaintiffs never acknowledged that Rocke resided in Florida, but was actively attempting to find where he lived in the fall of 2007 and the winter of 2008 in order to serve him with process.  This will be discussed in more detail, <u>infra</u>.

which he has the intention of returning whenever he is absent therefrom.  Michelson v. Exxon Research and Eng'g Co., 578 F. Supp. 289, 290 (W.D. Pa. 1984); Husak v. Rasman, et al., No. 88-2421, 1989 WL 13688, at *2 (E.D. Pa. Feb. 16, 1989); 13 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3612 (1975).

"In determining domicile, a court may consider a variety of factors including voting registration and voting practice, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, residence claimed for tax purposes, place of employment or business, driver's license and automobile registration, payment of taxes, designations of wills and other legal documents of considered citizenship."  Swinger v. Allegheny Energy, Inc., No. 05-5725, 2006 WL 1409622, at *4 (E.D.Pa. May 19, 2006); see also McCracken v. Murphy, 129 Fed. Approx. 701, 702, No. 04-3454, 2005 WL 995510, at *1 (3d Cir. Apr. 29, 2005); Blackwood Inc. v. Ventresca, No. 00-3112, 2002 WL 31898887, at *7 (E.D.Pa. Dec.19, 2002).

Defendants argue that Rocke was a resident of Florida and was domiciled there at the time this action was commenced in December 2007.  Defendants further argue that Plaintiffs have presented no evidence that Rocke was not domiciled in Florida at the time the action was commenced. However, as noted above, it is the party asserting jurisdiction that bears the burden of proving the facts necessary to show that jurisdiction exists.  Styron, 644 F. Supp. 714.  Since it is the Defendants who are asserting jurisdiction here, it is they who have the burden of establishing that Rocke was domiciled in Florida, and they have failed to do so.

It is well-settled that diversity of citizenship is determined as of the time the Complaint was filed and may not be destroyed by virtue of subsequent events.  Grupo Dataflux v. Atlas

6

Global Group, L.P., 541 U.S. 567, 570 (2004); Freeport-McMoRan, Inc. v. K N Energy, Inc., 498

U.S. 426 (1991); see also In Community Bank of Northern Virginia, 418 F.3d 277, 297 (3d Cir.

2005).  Since the Plaintiffs filed their action in the Court of Common Pleas of Philadelphia on

December 27, 2007, we must ascertain where Rocke was domiciled at that time.

      Defendants assert that there are a number of facts in the record which demonstrate that

Rocke was a citizen of Florida at the time the action was commenced.  They argue that in an

interview with the Philadelphia Police Department on the date of the accident, September 10,

2006, Rocke indicated that his address was 210 Fairwood Avenue, Clearwater, Florida, and that

he was currently only "staying" at 6528 N. 18th Street in Philadelphia with co-workers.  In the

same interview, Rocke also stated that he did not live in Philadelphia, but worked there and had

been in Philadelphia since April of that year.  He also said that he intended to return to Florida in

early October of 2006.  (Defs.' Resp. to Mot. for Remand, Ex. D.)  Defendants next maintain that

the Philadelphia Police report stated that Rocke had a Florida driver's license, which reflected his

address as 210 Fairwood Avenue, Clearwater, Florida.  Lastly, Defendants have submitted a 2007

W-2 Wage and Tax Statement from Rocke's employer, H.I.P., which gives Rocke's address as

210 Fairwood Avenue, Clearwater.  (Defs.' Supplemental Resp. to Mot. For Remand, Ex. A.)

Defendants summarize their position by asserting that Rocke works for a Florida company and is

occasionally required to perform work in different locations, including Philadelphia, for extended

periods of time.  Once a project is completed, Defendants claim that Rocke returns to his

residence in Florida, and that this was the situation in the instant case.

      However, the Defendants have produced insufficient evidence that this was Rocke's work

situation.  While it is true that a "citizen of the United States can change his domicile instantly, to

do so two elements are necessary.  He must take up residence at the new domicile, and he must

intend to remain there." Krasnov, 465 F.2d at 1300.  We find that the Defendants have not met

their burden of proving the facts necessary to show that Rocke's residence was in Florida, and

that he intended to remain there at the time the action was commenced.  Styron, 644 F. Supp. at

714.  Defendants have only established that Rocke had a valid Florida driver's license at the time

of the accident, that he provided a statement to the Philadelphia police stating that he was only

staying for a few months in Philadelphia, and that he gave his employer the 210 Fairwood

Avenue, Clearwater address for purposes of his W-2 statement.  However, while this evidence

indicates some ties with Florida, and must be considered in determining domicile, it does not

establish that this Clearwater address was Rocke's residence and that he had the intent to remain

there, thereby making that address his domicile for purposes of diversity. Krasnov, 465 F.2d at

1300.

 Plaintiffs, on the other hand, have submitted evidence which indicates that Rocke has not

resided at the Clearwater address with an intent to remain there, but rather has resided in

Philadelphia over the last several years, including the time of the filing of this action.  The

evidence reflects that Plaintiffs attempted to locate and serve Rocke in Florida on several

occasions, but were informed by the United States Postal Service ("USPS") that he did not live at

210 Fairwood Avenue, Clearwater, Florida, the address that he reported to the Philadelphia

police, was listed on his driver's license, and on his 2007 W-2 Wage and Tax Statement.  On

September 14, 2007, the USPS responded, on a request form from Plaintiffs' counsel, that Rocke

did not live at this Clearwater address.  The form stated that Rocke was "not known at the

address given," and the "person is unknown at the apt. complex," and that there was no

forwarding address on file.  (Pls.' Mot. for Remand, Ex. D.)  Plaintiffs also attempted to serve

Rocke with the Writ of Summons in January 2008, via certified mail to the Clearwater, Florida

address, but the Writ was unclaimed and returned to counsel despite several delivery attempts.

(Pls.' Mot. for Remand, Ex. C.)  Counsel also attempted to serve Rocke via regular mail to this

address, but it was returned by the USPS as "not deliverable as addressed unable to forward."

(Pls.' Mot. for Remand, Ex. D.)  On January 18, 2008, counsel again contacted the USPS in

Clearwater, Florida to attempt to find out if Rocke lived at 210 Fairwood Avenue.  Again, the

USPS replied that Rocke was "[N]ot known at address given."  (Pls.' Mot. for Remand, Ex. E.)

Thus, despite the fact that Rocke provided his employer with this Clearwater address for his W-2

statement, he was "unknown" at this apartment complex.

    Counsel had also contacted the USPS in Philadelphia on December 12, 2007 and inquired

about the 6528 N. 18th Street, Philadelphia address that Rocke had given to the investigating

officers on the date of the accident.  USPS responded that such address was a "good" address for

Rocke and was active and serviceable.  (Pls.' Mot. for Remand, Ex. F.)  It is also notable that, at

the time of the police interview, Rocke stated that he was only staying for a few months at the

6528 N. 18th Street, Philadelphia address and was leaving there in October 2006 to return to

Florida, yet the post office had this as plaintiff's current address over a year later in December

2007.  In addition, at that interview, plaintiff failed to provide a Florida telephone number to the

investigating officer, but rather gave him a cell phone number with a Philadelphia (215) area

code.  (Pls.' Mot. for Remand, Ex. D.)

    In addition, Rocke has a history of a criminal disposition in Philadelphia which lasted

several years from 2002 through 2007. Rocke was arrested on December 6, 2002, and charged

9

with drug possession and related crimes in the Municipal Court of Philadelphia.  Rocke was defended by the Defender Association of Philadelphia and sentenced by the court in February 2003.  The address provided by Rocke to the court was 1528 N. Felton Street, Philadelphia. The case continued in the Philadelphia Municipal Court until final disposition on November 3, 2006. (Pls.' Mot. for Remand, Ex. G.)  Furthermore, on April 4, 2007, the Philadelphia Clerk of Quarter Sessions filed an assessment of fines in the amount of three hundred ($300.00) dollars in the Court of Common Pleas.  Again, the address listed for Rocke on this document is 1528 N. Felton Street, Philadelphia. (Pls.' Mot. for Remand, Ex. H.)  Although we recognize that diversity is determined at the time of the filing of the complaint, the address given during the disposition of Rocke's criminal matter in Philadelphia is just another factor which adds to this Court's conclusion that Rocke's domicile was in Philadelphia for many years and continued to be so at the time this action was commenced.

The record further indicates that Plaintiffs were never able to locate Rocke in Florida for service of process, despite much effort to do so.  Service was eventually satisfied when Rocke's mother accepted service for him at the 1528 N. Felton Street, Philadelphia address that was on record with the Philadelphia Municipal Court as Plaintiff's residence.  It is also notable that the Defendants offer no explanation as to why Rocke's mother would accept service for him if he did not live there or elsewhere in Philadelphia.

As noted above, removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer, 913 F. 2d at 111.  Here, the record is simply deficient of evidence showing that Rocke was domiciled in Florida.  The Defendants have not met their burden of proving the facts necessary to show that Rocke's domicile was in Florida

at the time the action was commenced.  <u>Styron</u>, 644 F. Supp. at 714.  Accordingly, Plaintiffs'

Motion for Remand is granted.

  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| JULIA JOHNSON, INDIVIDUALLY and | : | CIVIL ACTION |
| ADMINISTRATRIX FOR THE ESTATE | : | |
| OF NATIRAH JOHNSON, A MINOR | | |
| and | | |
| DAVION JOHNSON, A MINOR BY | | |
| JULIA JOHNSON, GUARDIAN | | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 08-2652 |
| | : | |
| DARNELL JOHNSON. ROCKE | : | |
| and | : | |
| H.I.P HOT IN PLACE PAVING, LLC | : | |
| Defendants. | : | |
| | : | |

---

## <u>ORDER</u>

**AND NOW**, this    4th    day of August 2008, upon consideration of Plaintiffs' Motion

for Remand (Doc. No. 5), and Defendants' response thereto, it is hereby **ORDERED** that said

Motion is **GRANTED,** and that this action is remanded to the Court of Common Pleas,

Philadelphia County, Commonwealth of Pennsylvania, where the action shall continue as

December Term 2007, Civil Action No. 4145.

It is further **ORDERED**, pursuant to 28 U.S.C. § 1447(c), that the Clerk of Court shall

send a certified copy of this Order to the Prothonotary of the Court of Common Pleas,

Philadelphia County and shall return the file in this action to the Prothonotary.

BY THE COURT

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE