IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIA JOHNSON, INDIVIDUALLY and ADMINISTRATRIX FOR THE ESTATE OF NATIRAH JOHNSON, A MINOR and DAVION JOHNSON, A MINOR BY JULIA JOHNSON, GUARDIAN  Plaintiffs, | : : : : : : : : | CIVIL ACTION |
| v. | : : | No. 08-2652 |
| DARNELL ROCKE and H.I.P HOT IN PLACE PAVING, LLC  Defendants. | : : : : : | |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                     **OCTOBER 7, 2008**

This is an action for wrongful death, negligence, and related claims involving the death of the Plaintiff minor, Natirah Johnson.  Presently before this Court is Defendants' Motion for Reconsideration of this Court's grant of Plaintiffs' Motion to Remand this matter back to state court.  For the reasons stated below, this Motion is denied.

**I.     BACKGROUND**

Plaintiffs initiated this action by Writ of Summons on December 27, 2007, in the Court of Common Pleas of Philadelphia County (December Term 2007, No. 004145).  This lawsuit arises from a motor vehicle accident that occurred on September 10, 2006, in Philadelphia, Pennsylvania.  On this date, two and one-half year old Natirah Johnson was struck and killed by a truck driven by Defendant, Darnell Rocke ("Rocke"), and owned by Defendant, Hot in Place

Paving ("H.I.P.").

Defendants filed a Notice of Removal in this Court on June 6, 2008, pursuant to 28 U.S.C. § 1441(b).[1]  Defendants asserted that there is complete diversity of citizenship between the parties, and that this matter was properly removable to federal court.[2]  The Summons listed Rocke's address as 210 Fairwood, Ave., Apt. 64, Clearwater, FL 33759, and H.I.P's address as 1602 10th Street South, Safety Harbor, FL 34695.  On July 7, 2008, Plaintiffs filed a Motion to Remand the matter back to the Court of Common Pleas of Philadelphia County.  On August 5, 2008, this Court granted this Motion, and determined that Rocke had not met his burden of establishing that he was "domiciled"[3] in Florida at the time this action was commenced.

---

[1] 28 U.S.C. § 1441(b) states:

> "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

[2] 28 U.S.C. § 1332(a) provides in relevant part:
> "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States. . ."

[3] "Mere" residence in a state is not enough for the purposes of diversity, Sun Printing & Pub., Ass'n. v. Edwards, 194 U.S. 377 (1904); Krasnov v. Dinan, 456 F.2d 1298 (3d Cir. 1972). It is the concept of "domicile" that is controlling.  Reynolds v. Adden, 136 U.S. 348 (1890).  A person's domicile is that place where he has his true, fixed and permanent home and establishment, and to which he has the intention of returning whenever he is absent therefrom. Michelson v. Exxon Research and Eng'g Co., 578 F. Supp. 289, 290 (W.D. Pa. 1984); Husak v. Rasman, et al., No. 88-2421, 1989 WL 13688, at *2 (E.D. Pa. Feb. 16, 1989); 13 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3612 (1975).

Defendants have filed a Motion for Reconsideration of this decision.

## II.     STANDARD OF REVIEW

Defendants have filed a Motion for Reconsideration as provided for in Local Civil Rule 7.1(g).  The purpose of a Motion for Reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  This Circuit has held that the party seeking reconsideration must demonstrate at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also Jackson v. Rohm & Haas Co., No. 06-1540, 2007 WL 579662, at *2 (3d Cir. Feb. 26, 2007).

This standard does not allow a party a "second bite at the apple."  See Bhaunagar v. Surrendra Overseas Ltd., 52 F.3d 120, 1231 (3d Cir. 1995).  "A litigant that fails in its first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one.  A motion for reconsideration should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."  Kennedy Industries, Inc. v. Aparo, No. 04-5967, 2006 WL 1892685, at *1 (E.D. Pa. July 6, 2006).

## III.    DISCUSSION

Defendants argue that they are seeking reconsideration because of newly discovered evidence of Rocke's domicile at the time the action was commenced.  They have submitted an Affidavit from Rocke, dated August 11, 2008, wherein Rocke declares that, at the time this

action was filed on December 27, 2007, he was domiciled in Florida, and specifically, that he resided at 1330 Parkwood Street, Clearwater, FL 33755.  (Defs.' Mot. for Recons., Ex. C.) Rocke also declares that 210 Fairwood Avenue, Clearwater, FL was only his residence from 2006 until 2007, and that 6528 North 18th Street, Philadelphia, PA[4] is a residence paid for by his employer, H.I.P., to house employees while working in that area.  Rocke further states, in his Affidavit, that 1528 N. Felton Street, Philadelphia, PA[5] is his mother's address, and that he had not been domiciled at this address since 2004.  (Defs.' Mot. for Recons., Ex. C.)  Defendants assert that Rocke's Affidavit is "newly discovered evidence not presented in Movants' Response to Plaintiffs' Motion to Remand because of the inability of the undersigned counsel to communicate with Movant Rocke once it was necessary to proceed with removal as required by 28 U.S.C. § 1446."  (Defs.' Mot. for Recons., at 4.)

    Plaintiffs argue, in their Response, that Rocke's Affidavit is merely a self-serving statement with no support, and that it does not constitute new evidence.  We agree.  Rocke's Affidavit consists of bare, unsupported statements that he is domiciled in Florida, and lived at 1330 Parkwood Avenue, Clearwater, Fl, at the time the Complaint was filed.  Defendants fail to offer any documentation or any other kind of support for Rocke's declarations.  For example, Rocke has not submitted a copy of a lease, a deed, a verification from the United States Postal Service ("USPS"), or any other type of documentation that would support his statements that he resided in Florida on December 27, 2007.

---

[4]Rocke gave this address to the Philadelphia Police Department as his residence on the date of the accident.

[5]This is the address at which Rocke's mother accepted service of process on his behalf.

On the other hand, as discussed in our decision to remand this matter back to state court, the documentation of record supports our determination that Rocke was not "domiciled" in Florida at the time the Complaint was filed.  Plaintiffs attempted to locate and serve Rocke in Florida on several occasions, but were informed by the USPS that he did not live at 210 Fairwood Avenue, Clearwater, FL.[6]  On September 14, 2007, the USPS responded, on a request form from Plaintiffs' counsel, that Rocke did not live at this Clearwater address, and there was no forwarding address on file.  Plaintiffs also attempted to serve Rocke with the Writ of Summons several times in January 2008, via certified mail and regular mail to this Clearwater address, but such was returned by the USPS as "not deliverable as addressed unable to forward." (Pls.' Resp. to Defs.' Mot. for Recons., Ex. B.)

The only one of Rocke's addresses that has been verified by any documentation was the 6528 N. 18th Street, Philadelphia address that Rocke had given to the investigating officers on the date of the accident.  On December 12, 2007, the USPS responded to an inquiry from Plaintiffs' attorney that the North Philadelphia address was a "good" address for Rocke, and was active and serviceable.  (Pls.' Resp. To Defs.' Mot. for Recons., Ex. D.)

Moreover, we reject Defendants' assertion that this Affidavit constitutes new evidence because counsel had been unable to communicate with Rocke.  In addition to the fact that counsel had ample time to find Rocke and ascertain where he resided in December 2007, we find it difficult to accept that counsel would not have been unable to contact Rocke through his

---

[6] Rocke declares in this Affidavit that he lived at this address from 2006 to 2007. However, Rocke fails to give a date, or even an approximate date, when he no longer presided at this address.  Since 2007 was only last year, it would not be unreasonable to expect Rocke to recall when he moved from 210 Fairwood Avenue, Clearwater, FL, and to declare such in his Affidavit.

employer, H.I.P., who just so happens to be the co-defendant in this action.[7]  It is also significant to note that one of the Defendants' main arguments in responding to Plaintiffs' Motion for Remand, and in its present Motion, is that H.I.P. either owned or rented the 6528 N. 18th Street, Philadelphia property for its employees to use while they were working in Philadelphia.  Yet, H.I.P. has failed to submit any documentation and/or any other evidence to support this assertion.  For these reasons, Defendants' Motion for Reconsideration is denied.

      An appropriate Order follows.

---

[7]Defendants have not claimed, in any of their filings, that Rocke no longer works for H.I.P., but have indicated that he remains a current employee.  In addition, defendants have not asserted that they attempted to contact H.I.P concerning Rocke's whereabouts.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIA JOHNSON, INDIVIDUALLY and ADMINISTRATRIX FOR THE ESTATE OF NATIRAH JOHNSON, A MINOR and DAVION JOHNSON, A MINOR BY JULIA JOHNSON, GUARDIAN<br>Plaintiff, | : : : : : : : : | CIVIL ACTION |
| v. | : : | No. 08-2652 |
| DARNELL JOHNSON. ROCKE and H.I.P HOT IN PLACE PAVING, LLC<br>Defendants. | : : : : : | |

## **ORDER**

**AND NOW**, this 7th day of October 2008, upon consideration of Defendants' Motion for Reconsideration (Doc. No. 9), and Plaintiffs' response thereto, it is hereby **ORDERED** that said Motion is **DENIED**.

BY THE COURT

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE